THE STATE, THE MARSDEN COMPANY, PROSECUTOR, v.
THE STATE BOARD OF ASSESSORS ET AL.

The tax imposed by "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof," approved April 18th, 1884, and its supplements (*Gen. Stat.*, p. 3335, *et seq.*), is a franchise, not a property, tax, and is not subject to diminution because some of the capital of the corporation taxed is invested in rights under letters-patent of the United States, not taxable as property.

---

On *certiorari.* Matter of franchise tax.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the prosecutor, *E. Ambler Armstrong,* with whom was *George S. Graham,* of Pennsylvania.

For the defendants, *Samuel H. Grey,* attorney-general.

The opinion of the court was delivered by

COLLINS, J. The prosecutor, a corporation of this state, resists the greater part of the tax assessed against it for the

year 1897, under "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof," approved April 18th, 1884, and the acts amendatory thereof and supplementary thereto. *Gen. Stat., p.* 3335, *et seq.* Resistance is based on the fact that all but $157,000 of its capital stock of $35,000,000, par value, was issued for the purchase of rights under letters-patent of the United States, and the claim is that such rights constitute property not taxable by the state. The argument for exemption rests on the false premise that the tax assessed is a property tax. The court of last resort of this state has declared otherwise.

In *Standard Underground Cable Co.* v. *Attorney-General,* 1 *Dick. Ch. Rep.* 270, it was sought to avoid a tax assessed under said act of 1884 on the ground that such a statute violated the constitutional requirement that property must be assessed for taxes under general laws and by uniform rules, according to its true value. Mr. Justice Knapp, in delivering the unanimous opinion of the court, said : " The fault of this position is the assumption that this tax is one upon property. Such, manifestly, is not the case. The law in question imposes a tax on certain corporations by way of a license for exercising corporate franchises. It is declared to be such tax by the act, and, although it is laid on this class of corporations with respect to the capital stock, the tax possesses the legal quality of a license or franchise tax."

In *Honduras Co.* v. *Board of Assessors,* 25 *Vroom* 278, Mr. Justice Dixon, speaking for this court, enunciated the same doctrine in the broadest possible terms, as follows: " The tax imposed is a franchise tax exacted from the company as the price of the right and privilege which it received from the state of being a corporation. Although the amount to be paid is determined by the amount of the capital stock and the duration of the corporate life, yet these are only the *criteria* chosen by the legislature for ascertaining the probable value of the corporate franchise which the company assumed. The tax is not levied upon the corporate property or business. Such a tax may be collected by the state granting the corpo-

rate franchise, no matter how the property of the company may be invested or employed or where it may be situate."

This has been frequently reaffirmed. *Lumberville Bridge Co.* v. *Assessors*, 26 *Vroom* 529; *Edison Phonograph Co.* v. *Assessors*, 28 *Id.* 520; *Electric Storage Battery Co.* v. *Assessors*, 31 *Id.* 66; *affirmed, ante p.* 289.

In the last two cases the capital of the company was invested in patent rights.

The decisions of the Supreme Court of the United States fully recognize the right of a state to impose by law a franchise tax on the basis of capital stock, even though the property of the company is invested in property which, by the laws of the United States, the state cannot tax.

The leading case is *Home Insurance Co.* v. *New York*, 134 *U. S.* 594, in which such a law was upheld, although the capital of the company was in part invested in government bonds not taxable by the state. The principle of that decision controls the present case.

The tax assessed upon the franchise of the prosecutor is affirmed, with costs.